Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ELIHU ROMERO MORALES, SERGIO AVILA LOPEZ,
WILLIS HERNANDEZ, individually and on behalf of all others
similarly situated,

          Plaintiff,

  -against-

FINALE BUILDING AND CONSTRUCTION CORP. and
VINCENT CANNISTRACI, an individual,

          Defendants.

-------------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**


**JURY TRIAL
REQUESTED**

1. Plaintiffs, **ELIHU ROMERO MORALES, SERGIO AVILA LOPEZ, and WILLIS HERNANDEZ,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ELIHU ROMERO MORALES, SERGIO AVILA LOPEZ, and WILLIS HERNANDEZ,** individually and on behalf of all others similarly situated, through undersigned counsel, brings this action against **FINALE BUILDING AND CONSTRUCTION CORP. and VINCENT CANNISTRACI, an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at FINALE BUILDING AND CONSTRUCTION CORP. located at 157-30 88th Street, Howard Beach, New York 11414.

3. Plaintiff **ELIHU ROMERO MORALES** was employed by Defendants from in or around June 2017 until in or around August 2017.

4. Plaintiff **SERGIO AVILA LOPEZ** was employed by Defendants from in or around June 2017 until in or around August 2017.

5. Plaintiff **WILLIS HERNANDEZ** was employed by Defendants from in or around June 2017 until in or around July 2017.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff ELIHU ROMERO MORALES resides at 3038 Willis Avenue, Bronx, New York 10454, and was employed by Defendants at FINALE BUILDING AND CONSTRUCTION CORP. from in or around June 2017 until in or around August 2017.

12. Plaintiff SERGIO AVILA LOPEZ resides at 1255 Wilder Avenue, Bronx, New York 10454, and was employed by Defendants at FINALE BUILDING AND CONSTRUCTION CORP. from in or around June 2017 until in or around August 2017.

13. Plaintiff WILLIS HERNANDEZ resides at 50-06 65th Place, Flushing, New York 11377, and was employed by Defendants at FINALE BUILDING AND CONSTRUCTION CORP. from in or around June 2017 until in or around July 2017.

14. Upon information and belief, Defendant, FINALE BUILDING AND CONSTRUCTION CORP., is a corporation organized under the laws of New York with a principal executive office at 157-30 88th Street, Howard Beach, New York 11414.

15. Upon information and belief, Defendant, FINALE BUILDING AND CONSTRUCTION CORP., is a corporation authorized to do business under the laws of New York.

16. Upon information and belief, Defendant VINCENT CANNISTRACI owns and/or operates FINALE BUILDING AND CONSTRUCTION CORP.

17. Upon information and belief, Defendant VINCENT CANNISTRACI is the Chairman of the Board of FINALE BUILDING AND CONSTRUCTION CORP.

18. Upon information and belief, Defendant VINCENT CANNISTRACI is the Chief Executive Officer of FINALE BUILDING AND CONSTRUCTION CORP.

19. Upon information and belief, Defendant VINCENT CANNISTRACI is an agent of FINALE BUILDING AND CONSTRUCTION CORP.

20. Upon information and belief, Defendant VINCENT CANNISTRACI has power over personnel decisions at FINALE BUILDING AND CONSTRUCTION CORP.

21. Upon information and belief, Defendant VINCENT CANNISTRACI has power over payroll decisions at FINALE BUILDING AND CONSTRUCTION CORP.

22. Defendant VINCENT CANNISTRACI has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at FINALE BUILDING AND CONSTRUCTION CORP.

23. During all relevant times herein, Defendant VINCENT CANNISTRACI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, FINALE BUILDING AND CONSTRUCTION CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for

commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiff ELIHU ROMERO MORALES was employed by Defendants from in or around June 2017 until in or around August 2017.

26. During Plaintiff ELIHU ROMERO MORALES' employment by Defendants at FINALE BUILDING AND CONSTRUCTION CORP., Plaintiff was a steel and re-bar worker, and performing other miscellaneous duties from in or around June 2017 until in or around August 2017.

27. Plaintiff ELIHU ROMERO MORALES was paid by Defendants approximately $1,300.00 per week from in or around June 2017 until in or around August 2017.

28. Although Plaintiff ELIHU ROMERO MORALES worked approximately seventy (70) hours or more per week during the period of his employment by Defendants from in or around June 2017 until in or around August 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Plaintiff ELIHU ROMERO MORALES was not paid for his final two weeks of employment.

30. Plaintiff SERGIO AVILA LOPEZ was employed by Defendants from in or around June 2017 until in or around August 2017.

31. During Plaintiff SERGIO AVILA LOPEZ'S employment by Defendants at FINALE BUILDING AND CONSTRUCTION CORP., Plaintiff was a steel and re-bar worker, and performing other miscellaneous duties from in or around June 2017 until in or around August 2017.

32. Plaintiff SERGIO AVILA LOPEZ was paid by Defendants approximately $1,300.00 per week from in or around June 2017 until in or around August 2017.

33. Although Plaintiff SERGIO AVILA LOPEZ worked approximately seventy (70) hours or more per week during the period of his employment by Defendants from in or around June 2017 until in or around August 2017, Defendants did not pay Plaintiff

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Plaintiff SERGIO AVILA LOPEZ was not paid for his final two weeks of employment.

35. Plaintiff WILLIS HERNANDEZ was employed by Defendants from in or around June 2017 until in or around July 2017.

36. During Plaintiff WILLIS HERNANDEZ'S employment by Defendants at FINALE BUILDING AND CONSTRUCTION CORP., Plaintiff was a steel and re-bar worker, and performing other miscellaneous duties from in or around June 2017 until in or around July 2017.

37. Plaintiff WILLIS HERNANDEZ was paid by Defendants approximately $1,300.00 per week from in or around June 2017 until in or around July 2017.

38. Although Plaintiff WILLIS HERNANDEZ worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around June 2017 until in or around July 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Plaintiff WILLIS HERNANDEZ was not paid for his final two weeks of employment.

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

44. Collective Class: All persons who are or have been employed by the Defendants as steel and re-bar workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

45. Upon information and belief, Defendants employed more than 30 employees within the past three years subjected to similar payment structures.

46. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

48. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiffs are typical of the claims of the putative class.

53. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

56. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

61. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

73. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

76. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

79. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 2nd day of May 2018.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================================================

ELIHU ROMERO MORALES, SERGIO AVILA LOPEZ, and WILLIS HERNANDEZ,
individually and on behalf of all others similarly situated,

                              Plaintiff,

        -against-

FINALE BUILDING AND CONSTRUCTION CORP. and VINCENT CANNISTRACI, an
individual,

                    Defendants.
=====================================================================

COLLECTIVE ACTION COMPLAINT
=====================================================================

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598
=====================================================================

**TO:**

FINALE BUILDING AND CONSTRUCTION CORP.
157-30 88TH STREET
HOWARD BEACH, NEW YORK 11414

VINCENT CANNISTRACI
157-30 88TH STREET
HOWARD BEACH, NEW YORK 11414